Estate of Carolyn P. Brown, Deceased, John B. Rumbough, Executor v. Commissioner.
Estate of Carolyn P. Brown v. Commissioner
Docket No. 26896.
United States Tax Court
1952 Tax Ct. Memo LEXIS 79; 11 T.C.M. (CCH) 962; T.C.M. (RIA) 52286; September 26, 1952
*79 R. Glenn Snipes, Esq., 502 Public Service Bldg., Asheville, N.C., for the petitioner. Philip A. Bayer, Esq., for the respondent. TURNER Memorandum Opinion TURNER, Judge: Respondent determined deficiencies in income tax against petitioner for the calendar years 1943, 1944 and 1945 in the respective amounts of $5,009.45, $3,492.63 and $3,749.78. The only question remaining for determination is whether the life beneficiary of a spendthrift trust is subject to tax upon that part of the income of the trust paid to the beneficiary's granddaughter at the direction of the beneficiary. All the facts are stipulated and are so found. Petitioner is a duly qualified and acting executor of the estate of Carolyn P. Brown, deceased. The income tax returns for the years involved were filed with the collector of internal revenue for the district of North Carolina. John S. Brown, deceased, was a resident of Knoxville, Tennessee. On October 5, 1926, he entered into an agreement with the Farmers Loan & Trust Co. of New York, New York, (now City Bank Farmers Trust Company), whereby he transferred certain assets to the trust company as trustee to hold, invest, and manage and pay the *80 income therefrom to the donor and his wife, Carolyn P. Brown, during their lives, and upon the death of either to pay the income to the survivor for life. Paragraphs Fourth and Thirteenth of the trust agreement provide as follows: "FOURTH: None of the beneficiaries hereunder nor any of their issue shall have any power to transfer, assign, anticipate or in any way encumber any of the income from the said trust fund, or any part of the principal thereof, nor shall the income or principal be subject to the control of any husband or be liable to claims of any creditors, or in any wise subject to be taken for the beneficiaries' debts, and any attempted assignment, anticipation or encumbrance of the said income or principal, or any part thereof shall be absolutely void; and the Trustee is authorized to pay and apply the income in such manner as in its judgment will insure its application to the proper support and maintenance of the beneficiaries, and maintain the said income and principal free from any control of any husband and free from liability to the claims of creditors of the beneficiaries, and any attempted assignment, anticipation or encumbrance. "THIRTEENTH: This instrument *81 shall be governed and interpreted by the laws of Tennessee." In 1934 John S. Brown died leaving his widow, Carolyn P. Brown, surviving him and also left surviving him an adopted daughter, Marshall Dandridge Mills (later Marshall Dandridge Barton, now deceased), a daughter of Carolyn P. Brown's daughter by a former marriage. John S. Brown, deceased, left a will which was duly probated in Knox County, Tennessee, where he, his widow, and his adopted daughter resided at the time of his death. In the codicil of his will dated November 14, 1933, John S. Brown, deceased, set up a trust for the special benefit of his adopted daughter, Marshall Dandridge Barton, now deceased, and J. T. DeWitt was sometime later appointed trustee of this trust by the County Court of Knox County, Tennessee. The estimated average revenue from the securities deposited pursuant to Brown's will with DeWitt as trustee for Marshall Dandridge Barton was $110 per month. Carolyn P. Brown, desiring to assure her granddaughter of $410 per month for life, entered into an agreement with DeWitt under date of April 6, 1939, whereby she purported to assign to Marshall Dandridge Barton the sum of $410 per month out of the *82 income payable to her under the John S. Brown Trust of October 5, 1926, as long as Carolyn P. Brown should be entitled to receive such income. By the same instrument DeWitt purported to assign and agreed to pay to Carolyn P. Brown all income from the securities held by him as trustee under Brown's will for the benefit of Marshall Dandridge Barton. The instrument provided that if either assignment should become or be declared invalid the assignment by the other party would no longer be binding. It was declared to be the intention of the parties that the instrument should "be governed by, and construed in accordance with, the laws of the state of Tennessee." During 1942, 1943 and 1945, $4,920, and in 1944, $4,925 was paid to Marshall Dandridge Barton from the income payable to Carolyn P. Brown from the John S. Brown Trust of October 5, 1926. The record does not show whether pursuant to the agreement of April 6, 1939, DeWitt paid over to Carolyn P. Brown the income of the trust created under Brown's will for the benefit of Marshall Dandridge Barton. On October 1, 1946, M. R. McCown was duly appointed as trustee for Carolyn P. Brown by the Supreme Court of Polk County, North Carolina, *83 in a proceeding wherein it was adjudged that she was no longer capable of managing her business affairs. Marshall Dandridge Barton died on May 17, 1947, and the Hamilton National Bank was appointed administrator of her estate. A dispute thereafter arose between the Bank as such administrator and McCown as trustee for Carolyn P. Brown, as to whether the estate of Marshall Dandridge Barton should be entitled to continue to receive the payments of $410 per month pursuant to the agreement of April 6, 1939, and the matter was submitted to the Tennessee courts for determination. The Tennessee Supreme Court held that the spendthrift clause of the Brown Trust as of October 5, 1926, was "effective to prevent the assignment of any interest by one beneficiary to another," and such being the case Marshall Dandridge Barton had no right in the trust property, "or in its proceeds," although she would have "her usual remedies for breach of contract" against the assignor. In the 1942 and 1943 income tax returns filed by Carolyn P. Brown, all of the income from the trust created on October 5, 1926, was reported, and deductions of $4,920 were claimed each year for amounts paid to Marshall Dandridge *84 Barton. In the returns for the years 1944 and 1945 Carolyn P. Brown reported in her returns only the net amounts received from the trust and did not report as income the amounts of $4,925 in 1944 and $4,920 in 1945, which amounts were paid to Marshall Dandridge Barton. In the notice of deficiency respondent included in income the payments made to Marshall Dandridge Barton. Carolyn P. Brown died on July 4, 1949. Our question falls squarely within the principle enunciated in . There the question presented was whether the taxpayer was liable for income taxes upon that part of the income of a trust, payable to him as beneficiary, which the trustees paid over to taxpayer's mother at his direction. Because of the assignment by the taxpayer and a spendthrift provision in the trust, suit was instituted in a local court which resulted in a decision of the Supreme Court of that state (Missouri) holding the assignment, and the contract on which it it was based, void as contrary to the terms of the trust. The United States Court of Appeals for the Eighth Circuit, stating that the law as declared *85 by the state court was controlling, held that the taxpayer was liable for the tax levied. Here we have an attempt by a beneficiary to assign trust income in advance of receipt contrary to the spendthrift provision of the trust, and a decision of the Supreme Court of the State of Tennessee holding that the spendthrift provision was effective and the assignment was ineffective. Such being the case, the income in question was taxable to Carolyn P. Brown. See . Other issues raised by the petitioner have been abandoned. Decision will be entered for the respondent.